UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-04091-SLD-JEH |
| | ) |
| CONSOLIDATED GRAIN AND BARGE | ) |
| CO. d/b/a CGB TWOMEY GROUP and | ) |
| TODD CHANDLER TRUCKING, INC., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Defendant Consolidated Grain and Barge Co. doing business as CGB Twomey Group's ("CGB") Motion to Dismiss, ECF No. 10, and Motion for Leave to File Reply, ECF No. 21. For the reasons that follow, both motions are DENIED.

**BACKGROUND**[1]

Plaintiff Nutrien Ag Solutions, Inc. ("Nutrien") "is a national retailer of agricultural crop inputs such as fertilizers and herbicides." First Am. Compl. ¶ 12, ECF No. 3. CGB provides "services in the grain and transportation industries, including buying, storing, selling, distributing, and shipping crops and various agricultural inputs." *Id.* ¶ 13. Nutrien alleges that it had a contract implied in fact with CGB under which CGB "identif[ied], provide[d], coordinate[d], and supervise[d] trucks and truck drivers for the delivery of Nutrien products from" Nutrien's facility in Gladstone, Illinois "to other operational locations." *Id.* ¶¶ 14, 16. To fulfill its obligations under this implied contract, CGB used its own trucks and drivers as well as "third-party agents that CGB identified, hired, supervised or otherwise engaged." *Id.* ¶ 17.

---

[1] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the plaintiff's] favor." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016).

1

"Nutrien paid CGB directly for all aspects of the trucking and delivery-related services that CGB provided to Nutrien, even when those services were performed through trucks and employees of a third-party such as" Defendant Todd Chandler Trucking, Inc. ("Chandler Trucking"). *Id.* ¶ 20.

On May 18, 2019, while the implied contract remained in effect, "Nutrien requested CGB to transport a tanker filled with an agricultural fertilizer/herbicide mixture in liquid form to a specified business location." *Id.* ¶ 23. CGB "identified, hired, and provided the requested truck and driver through its third-party agent Chandler Trucking." *Id.* While Chandler Trucking was hauling the mixture to a retail destination, its negligent driving and operation caused the tanker to overturn and the mixture to spill into the surrounding environment. *Id.* ¶¶ 26–28. As required by the Illinois Environmental Protection Agency, Nutrien hired an environmental consulting firm to remediate the chemical contamination caused by the spill. *Id.* ¶ 29.

Nutrien filed this suit against CGB and Chandler Trucking on May 12, 2021. Compl., ECF No. 1. It filed the First Amended Complaint to address jurisdictional deficiencies identified by Magistrate Judge Jonathan E. Hawley, *see* May 13, 2021 Order 1–2, ECF No. 2.[2] Two counts in the First Amended Complaint are asserted against Chandler Trucking: count one, negligence, First Am. Compl. ¶¶ 31–35; and count four, contribution, *id.* ¶¶ 49–53. The remaining four counts are asserted against CGB: count two, negligence arising out of the hiring, training, and supervision of truck drivers hired to transport Nutrien's products, *id.* ¶¶ 36–39; count three, indemnification for Chandler Trucking's negligence under the theory that Chandler Trucking

---

[2] The Court has diversity jurisdiction over this case. The parties are citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Nutrien is a citizen of Delaware and Colorado, *see* First Am. Compl. ¶ 7 (alleging that Nutrien is a Delaware corporation with its principal place of business in Colorado); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."), CGB is a citizen of Missouri and Louisiana, *see* First Am. Compl. ¶ 8 (alleging that CGB is a Missouri corporation with its principal place of business in Louisiana), and Chandler Trucking is a citizen of Illinois, *see id.* ¶ 9 (alleging that Chandler Trucking is an Illinois corporation with its principal place of business in Illinois). And the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *see, e.g.*, First Am. Compl. ¶ 39.

2

was CGB's agent, *id.* ¶¶ 40–48; count five, contribution in an amount commensurate with Chandler Trucking's culpability if Nutrien is found to be partially responsible for the damages alleged in the suit, *id.* ¶¶ 54–61; and count six, contribution in an amount commensurate with CGB's relative degree of culpability if Nutrien is found to be partially responsible for the damages alleged in the suit, *id.* ¶¶ 62–66.

Chandler Trucking filed an answer, ECF No. 14, but CGB filed a motion to dismiss the counts against it under Federal Rule of Civil Procedure 12(b)(6), Mot. Dismiss 1. CGB argues that it has a written contract with Nutrien covering its transportation obligations, so there can be no implied contract on the same subject. *See id.* at 2. It attached the written contract, along with an amendment to the contract, to its Motion to Dismiss. *See* Mot. Dismiss Exs. A & B, ECF Nos. 10-1 & 10-2. CGB also argues that a limitation of liability provision in that written contract bars Nutrien's claims. Mot. Dismiss 2. Nutrien argues that consideration of the written contract and amendment—which were not attached to the First Amended Complaint—is procedurally improper, that CGB relies on a mistaken interpretation of the written contract, and that even if the contract applied, the limitation of liability provision would not. Resp. Mot. Dismiss 1–2, ECF No. 17. CGB moves for leave to file a reply, *see generally* Mot. Leave File Reply, which Nutrien opposes, Resp. Mot. Leave File Reply, ECF No. 22.

## DISCUSSION

### I. Motion for Leave to File a Reply

"No reply to [a] response [to a motion] is permitted without leave of Court." Civil LR 7.1(B)(3). "Typically, reply briefs are permitted if the party opposing a motion has introduced new and unexpected issues in his response to the motion, and the Court finds that a reply from the moving party would be helpful to its disposition of the motion . . . ." *Shefts v. Petrakis*, No.

10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011). Here, CGB requests leave to file a reply to argue that the documents it attached to its Motion to Dismiss can properly be considered by the Court and to reiterate the arguments made in its Motion to Dismiss. Mot. Leave File Reply ¶ 7. To the extent the reply would rehash arguments already made, a reply is unnecessary. And to the extent CGB desires to argue that the Court can consider the documents it attached to the Motion to Dismiss, it should have made those arguments in the Motion to Dismiss. Nutrien's arguments against consideration of those documents should not have been unexpected when CGB attached documents that were not attached to or referenced in the First Amended Complaint. The motion is DENIED.

## II. Motion to Dismiss

### A. Legal Standard

A court can dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should consider the complaint's well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In addition to the allegations in the complaint itself, a court can consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice" when ruling on a motion to dismiss. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934–35 (7th Cir. 2012).

### B. Analysis

Resolution of the Motion to Dismiss hinges on whether the Court can rely on the written contract and amendment CGB attached to its motion because both of CGB's arguments rely on the contract and amendment, either to disprove the existence of an implied contract or to limit its liability. Thus, the Court first addresses whether it may consider those documents.

"As a general rule, on a Rule 12(b)(6) motion, the court may consider only the plaintiff's complaint." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion [to dismiss] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There is an exception for documents that can be considered part of the pleadings because they are referred to in the complaint, "concededly authentic," and "central to the plaintiff's claim." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). This exception is "narrow" and "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). When documents attached to a motion to dismiss do not fit this narrow exception, a court has "complete discretion" to either consider the extra material and convert the motion to one for summary judgment or exclude the extra material. *See* 5C Charles Alan Wright et al., Fed. Practice & Procedure § 1366 (3d ed. Apr. 2021 Update); *see also Levenstein*, 164 F.3d at 347.

The contract and amendment CGB attached to its motion are not explicitly referenced in the First Amended Complaint, as CGB appears to concede. *See* Mot. Dismiss 6 ("Plaintiff fails to acknowledge that an express contract exists between Nutrien and CGB . . . ."). The First Amended Complaint alleges that there was an implied contract between Nutrien and CGB, *see* First Am. Compl. ¶¶ 12–21, not a written contract. The narrow exception identified above does

not apply in this case. The exception is meant to capture cases in which the plaintiff relies on a document, like a contract, but does not attach it to the complaint. A "court is not bound to accept the [plaintiff's] allegations as to the effect of [a document], but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *Rosenblum*, 299 F.3d at 661 (quotation marks omitted). If Nutrien had claimed recovery under a written contract and failed to attach it to its complaint, the Court could have considered the contract on a motion to dismiss and determined whether the contract said what Nutrien alleged. But here, Nutrien is claiming recovery under an implied contract, not a written contract. Whether the written contract CBG attached to the motion covers the same subject matter, making the alleged implied contract invalid, is a merits question, not a pleading question.[3]

The Court exercises its discretion to decline to convert the motion to one for summary judgment; discovery may provide additional factual context that will be helpful to the Court in interpreting the scope of the written contract.[4] Because CGB's arguments all rest on interpretation of the documents the Court is not considering, the Motion to Dismiss is DENIED.

## CONCLUSION

Accordingly, the Motion to Dismiss, ECF No. 10, and Motion for Leave to File Reply, ECF No. 21, are DENIED. Defendant Consolidated Grain and Barge Co. doing business as

---

[3] Indeed, to resolve whether the written contract covers the same subject matter and invalidates the alleged implied contract would seem to require consideration of additional facts outside the pleadings. CGB itself, for example, argues that "Nutrien and CGB are both sophisticated parties who had the opportunity to include that CGB also provide trucking transportation services" in the written contract but did not. Mot. Dismiss 6–7. Neither the First Amended Complaint nor the documents CGB wants the Court to consider provide support for these alleged facts.
[4] Nutrien asks the Court to allow it to conduct discovery on disputed factual questions. Resp. Mot. Dismiss 15. CGB fails to acknowledge that the exhibits it attached to its motion are outside the pleadings so it makes no argument about whether the Court should convert its motion to a summary judgment motion.

CGB Twomey Group is directed to file an answer within 14 days. *See* Fed. R. Civ. P. 12(a)(4)(A).

Entered this 7th day of March, 2022.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
